UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| **MAINSAIL DEVELOPERS INC.** § | CIVIL CASE NO. _____ |
| *PLAINTIFF* § | |
| § | |
| § | |
| V. § | HONORABLE JUDGE_____ |
| § | |
| **TEXAS FARMERS INSURANCE** § | |
| **COMPANY** § | |
| *DEFENDANT* § | MAGISTRATE JUDGE _____ |

## PLAINTIFF'S ORIGINAL COMPLAINT

MAY IT PLEASE THE COURT:

Through the undersigned attorney comes MAINSAIL DEVELOPERS, INC., which, for the following reasons, brings the instant complaint against TEXAS FARMERS INSURANCE COMPANY and states as follows:

### NATURE OF THE ACTION

1. This is a civil complaint by Mainsail Developers, Inc. (hereinafter referred to as "Plaintiff") against its insurer, Texas Farmers Insurance Company (hereinafter referred to as "FARMERS") to enforce its rights under a flood insurance policy issued by FARMERS.

2. On September 13, 2008, Hurricane Ike caused flood damage and loss to Plaintiff's commercial property in San Leon, Texas. Plaintiff has submitted a claim under its policy issued by FARMERS but FARMERS has refused to fully pay Plaintiff's claim.

1

## THE PARTIES

3. Plaintiff is a company incorporated under the laws of the State of Texas with its principal place of business at 1817 Avenue K, San Leon, Texas 77539. Mike Armstrong is the President of Plaintiff. Plaintiff receives its mail at P.O. Box 1861, Dickinson, Texas 77539.

4. FARMERS is an insurance company incorporated under the laws of the State of Texas with its principal place of business in Austin, Texas. FARMERS is engaged in the practice of insurance in the State of Texas. FARMERS may be served with process by certified mail, return receipt requested through its Texas Department of Insurance attorney for service, Chris Granger, 15700 Long Vista Drive, Austin, Texas 78728-3822. **Issuance of summons is requested at this time.**

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over the claims in this action as they arise pursuant to a claim under a Standard Flood Insurance Policy (hereinafter referred to as "SFIP"). Any claims under a SFIP are governed solely by federal law pursuant to Article IX of the SFIP.[1] Therefore, Plaintiff asserts that there is federal question jurisdiction pursuant to *28 U.S.C. § 1331* as this matter requires interpretation of, and the resolution of the case is dependent upon, interpretation and application of federal laws, rules and regulations including the SFIP, itself codified and found at 44 C.F.R. Pt. 61, App. A (1), and the Appropriations, Supremacy and Commerce Clauses of the U.S. Constitution. Furthermore, jurisdiction exists pursuant to the grant of "original exclusive" jurisdiction found in *42 U.S.C. § 4072* as it involves a breach of contract claim under a SFIP.

---

[1] *See* 44 C.F.R. Pt. 61, App. A(1), Art. IX.

6. As more fully explained below, the action involves a contract to insure Plaintiff's commercial property located at 1817 Avenue K, San Leon, Texas 77539, against flood damage. The contract for flood insurance was made in San Leon, Texas, was to be performed there, involves property located there, and all of the events or omissions giving rise to the claims asserted in this complaint arose there so that venue for this action lies in this court under Art. VII.R of 44 C.F.R. Pt. 61, App. A(1). The federal courts have exclusive jurisdiction over causes of action arising under the National Flood Insurance Program.[2] Consequently, Section VII, Subsection R of the SFIP issued by the Federal Emergency Management Association through its National Flood Insurance Program requires that venue be set in the United States District Court of the district in which the insured property was located at the time of loss.

## FACTS

7. FARMERS issued Flood Insurance Policy no. 87-02515152-2007 (hereinafter referred to as the "Farmers Policy") to Plaintiff. The Farmers Policy provided coverage for flood damage to Plaintiff's commercial property in San Leon, Texas and was effective for the period of September 16, 2007 to September 16, 2008. The Farmers Policy provided three hundred forty-two thousand dollars [$342,000.00] in coverage for Plaintiff's building and one hundred seventeen thousand dollars [$117,000.00] in coverage for Plaintiff's contents for a total of four hundred fifty-nine thousand dollars [$459,000.00] in coverage. The Farmers Policy had a combined deductible of one thousand dollars [$1,000.00].

8. The Gross Annual Premium for the Farmers Policy was two thousand four hundred thirty-six dollars [$2,436.00]. Plaintiff timely paid the premium for the Farmers Policy.

9. The Farmers Policy insures commercial property located at 1817 Avenue K, San Leon, Texas 77539. Plaintiff is the named insured on the Farmers Policy.

---

[2] *See* Art. VII.R of 44 C.F.R. Pt. 61, App. A(1).

10. On September 13, 2008, while the Farmers Policy was in full force and effect, Hurricane Ike caused flood damage to the insured property, which consists of an office building and its contents.

11. As a result of the flooding during Hurricane Ike, the building and its contents were damaged or destroyed. The flood damage to the building and its contents is a covered loss under the Farmers Policy.

12. Plaintiff reported the losses and damages to FARMERS in a timely fashion and properly discharged the reporting obligations under the Farmers Policy.

13. On or about November 5, 2008, an estimate of loss was completed by FARMERS' adjuster Charles Edmonds. Edmonds estimated the actual cash value of the building damage to be one hundred ninety-one thousand eight hundred forty-three dollars and fifty-one cents [$191,843.51] and the recoverable depreciation on the building to be thirty-six thousand four hundred eighty-four dollars and eleven cents [$36,484.11]. Edmonds estimated the actual cash value of the contents damage to be one hundred thousand one hundred seventy-eight dollars and eighty-one cents [$100,178.81].

14. Between November 5, 2008 and December 1, 2008, FARMERS advanced Plaintiff thirty-five thousand dollars [$35,000.00] for the building loss and fifteen thousand dollars [$15,000.00] for the contents loss.

15. On December 1, 2008, FARMERS issued payment to Plaintiff for one hundred fifty-six thousand eight hundred forty-three dollars and fifty-one cents [$156,843.51], which, when added to the prior advance of thirty-five thousand dollars [$35,000.00], covered the undisputed amount of damage to Plaintiff's building of one hundred ninety-one thousand eight hundred forty-three dollars and fifty-one cents [$191,843.51]. On the same date, FARMERS issued payment to

Plaintiff for eighty-five thousand one hundred seventy-eight dollars and eighty one cents [$85,178.81], which, when added to the prior advance of fifteen thousand dollars [$15,000.00], covered the undisputed amount of damage to Plaintiff's contents of one hundred thousand one hundred seventy-eight dollars and eighty-one cents [$100,178.81].

16. On June 3, 2009, Plaintiff submitted a revised proof of loss[3] and a letter demanding payment[4] to FARMERS wherein Plaintiff claimed a total loss of three hundred forty-two thousand dollars [$342,000.00] related to flood damage to Plaintiff's building.[5] Plaintiff submitted additional documentation to support the demand for payment including an estimate of damage and pictorial documentation of the damage to the building.

17. On June 23, 2009, FARMERS sent Plaintiff a letter denying Plaintiff's claim of June 3, 2009.[6]

18. Since Plaintiff initiated the claims process, Plaintiff has provided FARMERS access to the insured property, has provided all requested and available information to FARMERS that is available, has submitted a revised proof of loss, and has otherwise properly discharged the obligation to cooperate with FARMERS in its investigation and adjustment of the flood damage sustained by Plaintiff.

19. Plaintiff and FARMERS have agreed on the area of the insured property that the flood from Hurricane Ike damaged. However, Plaintiff and FARMERS have not agreed on the value of loss of the flood damage. As a result, on October 7, 2009, Plaintiff demanded an appraisal pursuant to 44 C.F.R. Pt. 61 App. A(1) Art. VII. P of the SFIP.[7]

---

[3] *See* Plaintiff's Exhibit A, "Proof of Loss" dated June 3, 2009.
[4] *See* Plaintiff's Exhibit B, "Demand Letter" dated June 3, 2009.
[5] *See* Plaintiff's Exhibit C, "Correction Demand Letter" dated June 8, 2009.
[6] *See* Plaintiff's Exhibit D, "FARMERS' Denial of Claim Letter" dated June 23, 2009.
[7] *See* Plaintiff's Exhibit E, "Demand for Appraisal Letter" dated October 7, 2009.

20.	On October 19, 2009, FARMERS denied Plaintiff's demand for appraisal.[8]

21.	Representatives of Plaintiff and FARMERS have discussed the claim and attempted to reach a resolution. To date, however, FARMERS has refused to pay the full value of the loss incurred by Plaintiff and FARMERS has continued to refuse to proceed to appraisal on Plaintiff's claim.

## COUNTS I & II – BREACH OF CONTRACT

22.	Plaintiff reasserts and incorporates by reference each of the allegations contained in the foregoing paragraphs.

23.	Plaintiff and FARMERS entered into a valid binding contract for flood insurance. FARMERS agreed to pay Plaintiff up to three hundred forty-two thousand dollars [$342,000.00] for the office building on Plaintiff's property for damages caused by flooding. Plaintiff agreed to and did pay a premium in consideration for the insurance contract.

24.	Plaintiff has performed all conditions precedent under the Farmers Policy, including submitting a signed and notarized revised proof of loss.[9]

25.	FARMERS breached its contract with Plaintiff when FARMERS failed to properly adjust and pay Plaintiff for the full amount (recovery cost value) of flood damage to the insured building.(Count I) Additionally, FARMERS breached its contract with Plaintiff by failing to proceed to appraisal after Plaintiff's timely demand of such.[10] (Count II)

26.	Plaintiff's breach of contract claims are expressly authorized by *42 U.S.C. § 4053* and/or *42 U.S.C. § 4072*.

---

[8] *See* Plaintiff's Exhibit F, "FARMERS' Denial of Appraisal" dated October 19, 2009.
[9] *See* Plaintiff's Exhibit A, "Proof of Loss" dated June 3, 2009.
[10] *See* Art. VII.P of 44 C.F.R. Pt. 61, App. A(1).

27. Plaintiff is entitled to damages which will compensate for the flood loss at replacement cost value, as provided for by the Farmers Policy, and for all incidental and consequential damages which Plaintiff has suffered.

## PETITION TO COMPEL APPRAISAL

28. Plaintiff reasserts and incorporates by reference each of the allegations contained in the foregoing paragraphs.

29. On October 7, 2009, Plaintiff sent FARMERS a demand for appraisal pursuant to the SFIP provisions at Art. VII.P of 44 C.F.R. Pt. 61, App. A(1).[11]

30. FARMERS denied Plaintiff's demand for appraisal. Both FARMERS and Plaintiff, as evidenced by the payment made by FARMERS to Plaintiff, are in agreement as to the scope of the damages and the coverage provided by the Farmers Policy, but in dispute as to the value of the damage to the office building. Plaintiff maintains the value of flood damage suffered by the office building is greater than FARMERS' estimate reflects. Thus, appraisal is the appropriate method to settle the dispute since the dispute concerns the valuation of damages and not the scope of damages or scope of coverage provided by the Farmers Policy.

31. FARMERS has refused to pay any additional amount for damages, engage in the appraisal process, and/or otherwise comply with the SFIP's provision for appraisal. Consequently, Plaintiff requests this Court's assistance in compelling FARMERS to comply with the SFIP's appraisal provision. Additionally, Plaintiff has been required to retain counsel to compel FARMERS to proceed with appraisal and should therefore be compensated for the attorney's fees incurred as a result of compelling appraisal.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, MAINSAIL DEVELOPERS, INC., prays that upon judgment hereof, Plaintiff has and recovers against Defendant, TEXAS FARMERS INSURANCE COMPANY, sums for breach of contract, as Plaintiff is entitled to

---

[11] *See* Plaintiffs' Exhibit E, "Demand for Appraisal Letter" dated October 7, 2009.

regain the benefit of its bargain, which is the amount of the claim. In addition, Plaintiff requests this Court compel Defendant, TEXAS FARMERS INSURANCE COMPANY, to immediately proceed to appraisal as described above. Plaintiff further requests the award of reasonable attorney's fees as allowed by law, for all costs of Court on its behalf expended, for pre-judgment and post-judgment interest as allowed by law and for any other and further relief, either at law or in equity, to which Plaintiff may show itself to be justly entitled.

Dated: June 18, 2010

Respectfully submitted,

By /s/ *Cliff Wilkerson*
Cliff Wilkerson
Attorney in Charge
Federal ID no. 1058780
Louisiana Bar Roll no. 30977
Arguello, Hope & Associates
2313 Strand
Galveston, Texas 77550
(409) 497-4574 Telephone
(713) 583-6307 Facsimile
E-mail: Cliff@Simplyjustice.com

**COUNSEL FOR PLAINTIFF
MAINSAIL DEVELOPERS, INC.**